**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| JUSTINIAN ROCCO, | : | |
| | : | |
| | : | **Civil Action No. 21-14142 (JXN) (CLW)** |
| Plaintiff, | : | |
| | : | |
| v. | : | **AMENDED MEMORANDUM** |
| | : | **OPINION & ORDER** |
| ALLENDALE POLICE DEPT., *et al,* | : | |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |

**NEALS**, District Judge:

This matter comes before the Court on the *in forma pauperis* application ("IFP Application") of Plaintiff Justinian Rocco ("Plaintiff") to proceed without prepayment of fees under 28 U.S.C. § 1915. *See* IFP Appl., ECF No. 1-1. For the reasons discussed herein, Plaintiff's request to proceed without prepayment is **GRANTED** and the Clerk of Court is directed to file the Complaint and issue a summons.

## I. BACKGROUND

Plaintiff alleges that on or about September 13, 2019, he was the victim of an assault and attempted murder committed by Officer Sean Hubbard, Sergeant John Mattiace, Officers John and Jane Doe's 1 to 10, and the Allendale New Jersey Police Department (collectively "Defendants"). ECF No. 1 ¶ 1. Plaintiff claims that Defendants handcuffed him and then held him under three to four feet of water, which caused him to suffer a heart attack. *Id.* ¶ 2. Plaintiff further alleges that he yelled "I cant breath-I cant breath," but Defendants ignored him. *Id.* ¶ 3. Plaintiff claims that Defendants John and Jane Doe's 1 to 10 witnessed the encounter, but failed to act, protect, and

report.  *Id.* ¶ 6.  According to Plaintiff, this incident was captured on Midland Park police body camera.  *Id.* ¶ 3.

Thereafter, Plaintiff claims that he was taken to New Bridge New Jersey Medical Center where it was recorded that Plaintiff suffered a heart attack due to the use of excessive force by Defendants.  *Id.* ¶ 4.  Plaintiff alleges that Defendants tried to cover up this encounter with fabricated charges of assault on a police officer, threatening a police officer, and resisting arrest, all of which were dismissed.  *Id.* ¶ 5.  As a result, Plaintiff initiated this action seeking monetary damages from Defendants.

## II.    DISCUSSION

As an initial matter, the Court must carefully review Plaintiff's IFP Application and "if convinced that [the applicant] is unable to pay the court costs and filing fees, the [C]ourt will grant leave to proceed *in forma pauperis.*"  *Douris v. Middletown Township*, 293 F. App'x 130, 132 (3d Cir. 2008) (citing *Deutsch v. United States*, 61 F.3d 1080, 1084 n.5 (3d. Cir. 1995)).  Should Plaintiff be permitted to proceed *in forma pauperis*, the Court must also screen the Complaint to determine whether it should be dismissed.  *See* 28 U.S.C. § 1915(e)(2)(B).  District courts may *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See id.*  According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To survive *sua sponte* screening for failure to state a claim,[1] the complaint must allege a "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct." *Iqbal*, 556 U.S. at 678. Moreover, while courts liberally construe *pro se* pleadings, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina*, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted); *see Madsen v. Washington Twp. Police*, No. CV 20-2395 (FLW), 2021 WL 3932056, at *2 (D.N.J. Sept. 2, 2021).

### A. IFP Application

Plaintiff submitted an IFP Application for use by prisoners which indicates that Plaintiff was confined to Bergen County Jail from 2019 to 2021. *See* IFP Appl. at 2 ¶ 3, ECF No. 1-1. The IFP Application also indicates that Plaintiff is unemployed, possesses no savings or assets, and has not received any payment or money from his current institution. *Id.* ¶¶ 3, 5. Accordingly, the Court finds that Plaintiff has established indigence and grants the IFP Application.

### B. Screening Plaintiff's Complaint Pursuant to Section 1915

In the Complaint, Plaintiff alleges that he was the victim of a wanton assault and attempted murder, after he was held under water by Defendants. ECF No. 1 ¶¶ 1–2. As a result of Defendants' actions, Plaintiff alleges that he suffered a heart attack. Plaintiff now seeks monetary damages. *Id.* ¶ 5.

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C.§ 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

Plaintiff appears to assert a claim for excessive force against Defendants.  In effectuating a valid stop, police officers are allowed to use a reasonable amount of force.  *Graham v. Connor*, 490 U.S. 386 (1989).  Use of excessive force, however, "is itself an unlawful 'seizure' under the Fourth Amendment."  *Couden v. Duffy*, 446 F.3d 483, 496 (3d Cir. 2006).  To prove excessive force under a Section 1983 claim, a plaintiff must show that: (1) a seizure occurred; and (2) the seizure was unreasonable.  *Kokinda v. Breiner,* 557 F.Supp.2d 581, 589 (M.D.Pa. 2008).  Because Plaintiff alleges that he was he was handcuffed and charged with multiple crimes, the first element is satisfied.  Thus, the only element the Court will analyze is whether the seizure was unreasonable.

A seizure is unreasonable under the Fourth Amendment "if, under the totality of the circumstances, the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivations."  *Id.* (quoting *Graham v. Conner*, 490 U.S. 386, 397 (1989)).  Factors a court may consider when determining reasonableness include "the severity of the crime at issue, whether the suspect pose[d] an immediate threat to the safety of the officers or others, . . . whether [the suspect] actively . . . resist[ed] arrest or attempt[ed] to evade arrest by flight[,] . . . the duration of the action, whether the action [took] place in the context of effecting an arrest, [and] the possibility that the suspect [was] armed."  *Id.*

Plaintiff has alleged sufficient facts to show that the seizure was unreasonable.  During his September 13, 2019 arrest, Plaintiff alleges that he was handcuffed and "maliciously-viciously" held under water without cause.  ECF No. 1 ¶ 2.  Although Plaintiff yelled "I cant breath," Plaintiff claims that Defendants ignored him.  *Id.* ¶ 3.  Significantly, Plaintiff claims that this event caused him to suffer a heart attack.  *Id.*  ¶ 2.  Under these circumstances, Plaintiff's claims that he was "maliciously-viciously" held under water without cause and injured during his arrest is sufficient

to support a claim of excessive force.  Accordingly, the Court concludes that the Complaint is not frivolous, does not fail to state a claim, and does not appear to sue a defendant immune from monetary relief.

**IT IS THEREFORE,** on this 19th day of April 2022,

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* [ECF No. 1-1] is **GRANTED**; and it is further

**ORDERED** that the Clerk of Court is directed to file the complaint and issue a summons; and it is further

**ORDERED** that the United States Marshal shall serve a copy of the complaint, summons, and this Order upon the Defendants.  All costs of service shall be advanced by the United States; and it is further

**ORDERED** that the Clerk of Court is directed to mail a copy of this Order to Plaintiff at the address listed on the Court's docket.

JULIEN XAVIER NEALS
UNITED STATES DISTRICT JUDGE